1  Anna M. Martin – State Bar No. 154279
     E-mail: amartin@kantorlaw.net
2  Peter S. Sessions, SBN 193301
     Email: psessions@kantorlaw.net
3  KANTOR & KANTOR, LLP
   19839 Nordhoff Street
4  Northridge, CA 91324
   Telephone: (818) 886-2525
5  Facsimile: (818) 350-6272

6  Attorneys for Plaintiff,
   KATERINA YOUSEF

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| KATERINA YOUSEF, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Plaintiff, KATERINA YOUSEF, herein sets forth the allegations of her Complaint against Defendant THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA.

## PRELIMINARY ALLEGATIONS

1. Jurisdiction - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining

1
COMPLAINT

benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to payment of benefits, prejudgment and post judgment interest, and attorney's fees and costs.

2. Plaintiff, Katerina Yousef, was at all times relevant a resident of Los Angeles County, California. Therefore, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff was at all relevant times a covered participant under an employee group long term disability benefit plan insured and administered by Defendant The Guardian Life Insurance Company of America. ("Guardian") pursuant to which Plaintiff is entitled to disability benefits.

4. Plaintiff is informed and believes that Guardian is a corporation incorporated in New York with its principal place of business in New York, NY. Plaintiff is informed and believes that Guardian is a citizen of the State of New York. Guardian is authorized to transact and is transacting business in the Central District of California and can be found in the Central District of California.

5. Guardian is the insurer of benefits under the Century Housing Corporation Long Term Disability Plan, Group Number 489128 ("the Plan") and acted in the capacity of the claims administrator.

6. Plaintiff is informed and believes Guardian issued a policy of insurance which funded the Plan and was issued with the intent to provide long term disability coverage to residents of the State of California.

### FIRST CAUSE OF ACTION
### FOR DENIAL OF PLAN BENEFITS UNDER ERISA

7. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

8. At all times relevant, Plaintiff was employed by Century Housing Corporation, and was a covered participant under the terms and conditions of the Plan.

9. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the Plan, Plaintiff suffered a disabling medical condition which rendered her unable to work as of November 9, 2019.

10. Pursuant to the terms of the Plan, Plaintiff made a claim to Guardian for LTD benefits. Guardian assigned Plaintiff Claim No.: 108559. By letter dated February 7, 2022, Guardian denied Plaintiff's claim for LTD benefits. Plaintiff timely appealed the denial of her claim for disability benefits, which Guardian denied on May 18, 2022.

11. Defendant has breached the Plan and violated ERISA in the following respects:

(a) Guardian failed to pay disability benefits to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Guardian failed to conduct a thorough, unbiased investigation and rather than place Plaintiff's interests before its own, placed Guardian's interest before Plaintiff.

(c) Guardian denied Plaintiff's claim through the use of inadequate medical reviews.

(d) Guardian failed to conduct an adequate investigation or provide an explanation of its decision under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claim for disability benefits;

(e) Guardian failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(f) Guardian failed to provide a full and fair review of Plaintiff's claim; and,

(g) Guardian failed to adequately consider the opinion of Plaintiff's treating doctor who provided medical proof of her disabling condition.

12. Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

13. As a proximate result of the aforementioned wrongful conduct of Guardian, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

14. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorney fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

15. The wrongful conduct of Guardian has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of disability benefits, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

   4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney fees incurred in pursuing this action;

   5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

   6. Such other and further relief as this Court deems just and proper.

DATED: November 14, 2022      KANTOR & KANTOR, LLP

             BY: /s/ *Anna M. Martin*
                Anna M. Martin
                Attorneys for Plaintiff
                Katerina Yousef

KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886-2525